IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LAURA BETH MCKINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-00780 - MDH |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for Social Security Disability Insurance benefits under Title II and Title XVI of the Social Security Act ("Act"). Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. This Court has carefully reviewed the record before it, and finds the decision of the Commissioner of Social Security is **REVERSED** and **REMANDED** for additional evaluation consistent with this opinion.

## BACKGROUND

Plaintiff filed her application for benefits on or about December 1, 2011. Plaintiff was born in 1968 and claims she became disabled beginning September 1, 2011. Plaintiff filed her application for benefits claiming she was unable to work primarily due to diabetes, kidney problems, anemia and diabetic neuropathy. Plaintiff was initially denied her social security claims on January 30, 2012. She appealed the decision and the ALJ denied her claims on July 8, 2013 finding Plaintiff was not under a "disability" as defined by the Act.

The ALJ found that Plaintiff has severe impairments that include type I diabetes mellitus with neuropathy in hands and feet and obesity. However, the ALJ found that she did not have impairment, or combination of impairments, listed in or medically equivalent to one contained in 20 C.F.R. part 404, subpart P, appendix 1. The ALJ determined that Plaintiff retained the residual functioning capacity (RFC) to perform sedentary work except that Plaintiff is limited to standing/walking no more than thirty minutes at a time. She can occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds. She can frequently balance, kneel, crouch, and crawl and occasionally stoop. She can occasionally operate foot controls with her right foot and frequently handle with her right hand. The Plaintiff should have no exposure to hazards such as unprotected heights and moving mechanical parts. She can have occasional exposure to vibration but no exposure to extreme cold and can have only occasional exposure to extreme heat, wetness and humidity.

Plaintiff subsequently filed a request for review with the Appeals Council. Her request was denied on August 11, 2014. Plaintiff's current appeal argues the following alleged errors: 1) the ALJ's RFC is unsupported by the substantial evidence of the record as a whole; and 2) the ALJ's credibility determination is unsupported by the substantial evidence of the record as a whole and is legally flawed.

## DISCUSSION

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007), citing, *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a

2

conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id.,* citing, *Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir. 2004); and *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because it would have decided the case differently. *Id.,* citing, *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006).

In order to qualify for benefits under the Social Security Act and the accompanying regulations, Plaintiff must establish she is disabled. *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010); citing, *Pate–Fires v. Astrue,* 564 F.3d 935, 942 (8th Cir. 2009). "Disability is defined as the inability 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.'" *Id.*, quoting 42 U.S.C. § 1382c(a)(3)(A). "If the plaintiff establishes that she is unable to return to past relevant work because of the disability, the burden of persuasion shifts to the Commissioner to establish that there is some other type of substantial gainful activity in the national economy that the plaintiff can perform." *Lafferty v. Astrue*, 559 F. Supp. 2d 993, 997 (W.D. Mo. 2008).

To determine disability, the ALJ follows an established five-step process that considers whether: (1) the claimant was employed; (2) she was severely impaired; (3) her impairment was,

3

or was comparable to, a listed impairment; (4) she could perform past relevant work; and if not, (5) whether she could perform any other kind of work. *Halverson v. Astrue*, 600 F.3d at 929, citing, 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a).

### A.  The ALJ's RFC Assessment.

Plaintiff argues that the ALJ's determination of her RFC is not consistent with the evidence or adequately explained.  This Court agrees. Residual functional capacity is what a claimant can still do despite her limitations. See 20 C.F.R. § 416.945(a). It is an assessment based upon all of the relevant evidence including a claimant's description of her limitations, observations by treating and examining physicians or other persons, and medical records. See 20 C.F.R. § 416.945(a). The responsibility for determining a claimant's RFC lies with the ALJ.  See 20 C.F.R. § 416.946(a). "The ALJ bears the primary responsibility for determining a claimant's RFC and because RFC is a medical question, some medical evidence must support the determination of the claimant's RFC." *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010).

However "the burden of persuasion to prove disability and demonstrate RFC remains on the claimant." *Id*.  When a treating physician's opinions "are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight." *Halverson v. Astrue*, 600 F.3d 922, 929-30 (8th Cir. 2010); citing, *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Tellez v. Barnhart,* 403 F.3d 953, 957 (8th Cir. 2005), citing, *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The ALJ must first evaluate the claimant's credibility before determining a claimant's RFC.  *Id*.  Further, a hypothetical question

4

posed to a vocational expert must include all credible impairments and limitations found by the ALJ.  *Dukes v. Barnhart*, 436 F.3d 923, 928 (8th Cir. 2006).

Plaintiff argues the ALJ failed to include all her non-severe limitations in arriving at the RFC determination.  Plaintiff states the ALJ found Plaintiff had mild restrictions of activities of daily living, including but not limited to non-severe mental impairments, as well as non-severe impairments of anemia and chronic kidney disease that were not referenced in the RFC or in the hypothetical to the vocational expert.  Plaintiff also argues the ALJ did not offer a reviewable explanation regarding the limitations placed on Plaintiff's ability to use her right extremities as opposed to her left.  Finally, Plaintiff argues the ALJ gave Dr. Ceaser's opinion "partial weight," but then found Plaintiff was more limited than Dr. Ceaser opined in her report.

This Court has reviewed the medical records, hearing transcript and the ALJ's determination and finds that the ALJ did not adequately determine Plaintiff's RFC based on the record.  The RFC is not supported by substantial evidence in the record as whole, or at a minimum was not adequately addressed by the ALJ with regard to the medical records and testimony of Plaintiff.  The ALJ determined Plaintiff suffered from diabetes, neuropathy in hands and feet as a result of diabetes and obesity.  The ALJ further determined Plaintiff suffered from minimal limitations, including depression, hypertension, anemia, chronic kidney disease, GERD, trigger finger of her right thumb and mild limitations of mental disability.  However, the ALJ's RFC determination does not adequately address these factors.

Further, the ALJ's RFC assessment states Plaintiff can occasionally operate foot controls with her right foot and frequently handle with her right hand.  However, the ALJ fails to indicate the support for this finding within the determination.  Finally, Dr. Ceaser's opinion regarding

5

Plaintiff's RFC was only given "partial weight," but there is no supporting evidence as to why the ALJ determined a greater RFC than provided by Dr. Ceaser's report.

Here, this Court finds that the ALJ failed to provide medical evidence or an explanation of the evidence supporting the RFC and that the RFC is not supported by the record as a whole. The ALJ must provide support in the record as a whole for the RFC determination. Accordingly, this Court remands the case to the Commissioner for re-evaluation of Plaintiff's RFC, including the medical sources supporting Plaintiff's ability to perform sedentary work.

## CONCLUSION

For the reasons set forth herein, the Court finds that the ALJ's determination regarding Plaintiff's RFC is not supported by substantial evidence on the record as a whole. Therefore, the Court **ORDERS** that the decision of the Commissioner of Social Security is **REVERSED AND REMANDED** for re-evaluation of Plaintiff's RFC.

**IT IS SO ORDERED.**

DATED: September 9, 2015        */s/ Douglas Harpool*

**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**